Case 3:24-cv-00071   Document 20   Filed on 01/10/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
January 10, 2025
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

GALVESTON DIVISION

No. 3:24-cv-71

ENVTECH, INC., *PLAINTIFF*,

v.

PATRICK ANDREW DEBUSK, *DEFENDANT*.

**MEMORANDUM OPINION AND ORDER**

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

The defendant has moved to dismiss the plaintiff's complaint. Dkt. 11. The court will grant the motion and allow the plaintiff to amend its complaint.

**I.   Background**

EnvTech, Inc., developed a formula to clean hydrofluoric-alkylation units in 2001 and was its exclusive user until 2021. Dkt. 1 ¶¶ 3, 27. USA DeBusk, LLC ("USAD"), led by CEO Andrew DeBusk, competes with EnvTech in the chemical-cleaning business. Dkt. 11 at 5. Paul Taylor and Richard Rutherford joined USAD after working for EnvTech. *Id.* EnvTech

claims Taylor and Rutherford divulged EnvTech's trade secrets, which enabled USAD to perform cleanings possible only with EnvTech's formula. Dkt. 1 ¶ 3.

EnvTech sued DeBusk, alleging he conspired with his USAD colleagues to steal and possess EnvTech's trade secrets in violation of §§ 1832(a)(1), (3), and (5) of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *Id.* ¶¶ 79–90. DeBusk has moved to dismiss EnvTech's complaint under Rule 12(b)(6). Dkt. 11.

## II. Legal Standard

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the pleaded facts allow the court to reasonably infer that the defendant is liable for the alleged conduct. *Id.* In reviewing the pleadings, a court accepts all well-pleaded facts as true, "construing all reasonable inferences in the complaint in the light most favorable to the plaintiff." *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021). But the court does not accept "[c]onclusory allegations, unwarranted factual inference, or legal

conclusions" as true. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

## III. Analysis

To establish a civil RICO claim, the plaintiff must show that the defendant is "(1) a *person* who engages in (2) a *pattern of racketeering activity* (3) connected to the acquisition, establishment, conduct, or control of an *enterprise*." *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988). Only the predicate acts enumerated by statute constitute "racketeering activity." 18 U.S.C. § 1961(1); *Bonton v. Archer Chrysler Plymouth, Inc.*, 889 F. Supp. 995, 1002 (S.D. Tex. 1995) ("Any act that does not fall within the purview of RICO's definition of predicate offenses is not an act of 'racketeering activity.'"). Theft of a trade secret is one such predicate act. 18 U.S.C. §§ 1961(1), 1832. A "pattern of racketeering activity" exists when the defendant commits "at least two acts of racketeering activity," the last of which occurring within ten years of a prior predicate offense. *Id.* § 1961(5).

DeBusk asserts EnvTech has failed to state a plausible claim that DeBusk (1) committed theft of a trade secret and (2) engaged in a pattern of racketeering activity. Dkt. 11 at 7–9.

### A. Theft of Trade Secrets

A plaintiff alleging theft of trade secrets must prove:

(1) that the defendant intended to convert proprietary information to the economic benefit of anyone other than the owner; (2) that the proprietary information was a trade secret; (3) that the defendant knowingly stole, copied, or received trade secret information [or conspired with one or more persons to do so]; (4) that the defendant intended or knew the offense would injure the owner of the trade secret; and (5) that the trade secret was included in a product that is placed in interstate commerce.

*United States v. Wen Chyu Liu*, 716 F.3d 159, 169–70 (5th Cir. 2013) (citing 18 U.S.C. § 1832). The relevant inquiry in a civil RICO conspiracy claim is whether "(1) two or more persons agreed to commit a substantive RICO offense, and (2) the defendant knew of and agreed to the overall objective of the RICO offense." *Id.*; *Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 551 (5th Cir. 2012); 18 U.S.C. § 1832(a)(5).

EnvTech claims DeBusk violated §§ 1832(a)(1), (3), and (5) by stealing and possessing EnvTech's trade secrets and conspiring with Taylor and Rutherford, among others, to do so. Dkt. 1 ¶¶ 52, 87, 89. EnvTech has failed, however, to plead facts sufficient to conclude that DeBusk committed theft of a trade secret with the requisite mental state. Indeed, the complaint is thin on factual allegations about DeBusk personally. Dkt. 1. EnvTech claims DeBusk admitted in a deposition that he "decided that [USAD] would use the knowledge and experience of Taylor and Rutherford with EnvTech's []

formula" to expand his business. *Id.* ¶ 49. Because DeBusk hired USAD's "competitors' key employees with knowledge of [the competitors'] industrial cleaning trade secrets" and USAD subsequently used "some of the same chemistry or same technology" to perform their work, EnvTech argues that he knowingly participated in the commission of trade secret theft with the intent to injure its owner. *Id.* ¶¶ 51, 84, 89.

DeBusk counters that EnvTech's trade-secret-theft claim is conclusory and fails to show any legitimate connection between himself and an agreement to steal trade secrets. Dkt. 11 at 13–14. He argues the complaint does not plead facts establishing DeBusk knew the information Taylor and Rutherford intended to use from EnvTech was proprietary or that DeBusk intended to damage EnvTech. *Id.* The court agrees that, at best, these allegations support a claim that two of EnvTech's former employees misappropriated or used its trade secret but do not show DeBusk knowingly intended to engage in theft of trade secrets.

### B. Pattern of Racketeering Activity

The court also finds that EnvTech has not plead facts sufficient to support its allegation that DeBusk engaged in a "pattern of racketeering activity." 18 U.S.C. § 1961(5). EnvTech must show DeBusk committed at least two related predicate acts that pose a threat of continued criminal activity,

meaning the "offenses are part of [USAD's] regular way of doing business." *Id.*; *H.J. Inc. v. Nw. Bell Tel., Co.*, 492 U.S. 229, 239, 242–43 (1989).

EnvTech alleges DeBusk committed one predicate act against EnvTech and used USAD to commit a pattern of "functionally identical" thefts of trade secrets from competitors who are not parties here. Dkt. 1 ¶ 89 (highlighting four lawsuits brought by three companies alleging DeBusk and/or USAD coordinated with the plaintiffs' former employees to steal trade secrets).[1] EnvTech argues that four civil trade-misappropriation lawsuits brought by its competitors under the Texas Uniform Trade Secrets Act (TUTSA) and 18 U.S.C. § 1836 constitute predicate acts establishing a pattern of racketeering activity under federal law. *Id.* ¶¶ 56–73, 89; Dkt. 13 at 30. In its response to the motion to dismiss, EnvTech argues these provisions are analogous to the federal prohibition against trade-secret theft in § 1832(a). Dkt. 13 at 30–31.

The court agrees with DeBusk that allegations of trade-secret misappropriation do not equate to allegations of trade-secret theft under § 1832. Dkt. 11 at 16–17. Federal law distinguishes trade-secret theft from

---

[1] The fact that DeBusk is a defendant in only one of these cases is irrelevant. The competitors sued USAD. A person is liable for racketeering if they are "employed by or associated with any enterprise engaged in . . . a pattern of racketeering activity." 18 U.S.C. § 1962(c). EnvTech need only plead facts sufficient to conclude DeBusk was employed by or associated with an enterprise engaged in racketeering, *i.e.* USAD.

misappropriation. *See* 18 U.S.C. §§ 1832 (imposing liability for trade-secret theft), 1836 (imposing liability for trade-secret misappropriation), 1839(3), (5) (defining the two separately). Federal law creates a private right of action for trade-secret theft in 18 U.S.C. § 1832, while § 1836 covers a broader spectrum of trade-secret-misappropriation claims. Indeed, § 1832 does not contain the term "misappropriation." *Id.* § 1832. Because the lawsuits EnvTech relies on to show a pattern of racketeering raise broad allegations only of trade-secret misappropriation, which is not a predicate act under RICO, EnvTech has failed to establish a pattern of racketeering. *See ESPOT, Inc. v. MyVue Media, LLC*, 492 F. Supp. 3d 672, 695 (E.D. Tex. 2020) (finding trade-secret infringement not described within § 1832 but independently actionable under § 1836 is "not a RICO predicate because it is not included in the definition of 'racketeering activity' under section 1961").

\* \* \*

For the foregoing reasons, the court grants DeBusk's motion to dismiss. Dkt. 11. EnvTech may, however, amend its complaint. *See* Fed. R. Civ. P. 15(a)(2).

Signed on Galveston Island this 10th day of January, 2025.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE